UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM BODEMER, | ) |
| INNOVATIVE BEVERAGE, INC., | ) |
| | ) |
| Plaintiffs/ Counter-Defendants, | ) |
| | ) |
| v. | ) No. 2:09 CV 090 |
| | ) |
| SWANEL BEVERAGE, INC., | ) |
| | ) |
| Defendant/ Counter-Plaintiff. | ) |

## OPINION and ORDER

This matter is before the court on a motion to file documents under seal (DE # 42) filed by defendant/counter-plaintiff Swanel Beverage, Inc. ("Swanel"). Swanel is asking to file under seal its "Statement of Genuine Issues and Attachments Thereto" for its response to the defendants' motion for summary judgment. (DE # 42 at 3.) Swanel states that it is filing its motion pursuant to the court's protective order entered on December 16, 2009. (*Id.*) Neither defendant has filed a response, and the time to do so has passed.

Swanel's motion does not list the number or type of documents to be sealed, nor does it state a justification for sealing the documents. (DE # 42.) The December 16, 2009 protective order, agreed upon by the parties, states that "[c]ertain documents to be produced by the parties during discovery in this litigation are alleged to contain trade secrets and other confidential and proprietary information, research, development, and commercial information." (DE # 21 at 1.) The parties' agreement is not sufficient justification to keep the documents under seal. *See Union Oil Co. of Cal. v. Leavell*,

220 F.3d 562, 567 (7th Cir. 2000.)

While secrecy is acceptable during the pretrial discovery phase of a case, before information enters the judicial record, the Seventh Circuit has held that the public has an interest in the pieces of discovery that are used to underpin a court's decision. *Baxter Int'l, Inc., v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). The Seventh Circuit has held that "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *United States v. Foster*, 564 F.3d 852, 854 (7th Cir. 2009) (holding that "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality").

In *Baxter*, the Seventh Circuit explained the requirements for sealing a document submitted to that court for an appeal. The Seventh Circuit held that a motion to seal should "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." 297 F.3d at 548. Although *Baxter* involved a litigant's attempt to seal portions of an appellate record, the opinion is instructive in analyzing any motion to seal a document that a litigant wishes a court to consider in reaching a judicial disposition. *See e.g., Cameron v. Myers*, No. 3:07-cv-008-PPS, 2009 WL 2346508, at *1 (N.D. Ind. July 29, 2009) ("Cases such as *Baxter[,]* make a clear distinction between

the very broad allowance for parties to keep confidential those documents obtained in discovery versus the much more strenuous presumption against keeping information secret when it influences or is used as part of a judicial decision."). Without the type of information outlined in *Baxter,* the court cannot determine whether the documents to be sealed "meet the definition of trade secrets or other categories of bona fide long-term confidentiality" so as to justify non-disclosure. *Foster*, 564 F.3d at 853.

    Swanel presents little argument upon which this court could base a finding that it is appropriate to seal the requested information. As mentioned above, it does not say how many documents it wishes to seal, the types of documents it wishes to seal, or why the documents should be sealed. The protective order states that it will cover any documents that "contain trade secrets and other confidential and proprietary information, research, development, and commercial information."

    As discussed, maintaining a genuine trade secret is an appropriate justification for keeping documents under seal, but a general preference for confidentiality is not. *Foster*, 564 F.3d at 854 (stating that the Seventh Circuit has "disapproved any general 'privacy' rationale for keeping documents confidential. Statutes, yes; privileges, yes; trade secrets, yes; risk that disclosure would lead to retaliation against an informant, yes; a witness's or litigant's preference for secrecy, no. The law could not be clearer."). Swanel has not stated that all of the information at issue contains trade secrets and it has not provided any legal citations supporting its request to keep the "other confidential and propriety information, research, development, and commercial

3

information" under seal. Thus, this court cannot make a finding that the requested motion to seal is justified by a genuine trade secret, privilege, or other rule or statute. *See e.g., Promega Corp. v. Life Techs. Corp.*, No. 10-cv-281-bbc, 2010 WL 3121811, at *5 (W.D. Wis. Aug. 9, 2010) (stating that although the parties argued that the documents they wished to seal were "confidential" and "sensitive," the parties had made no showing of good cause to seal the complaint, and ordering the parties to submit a request to seal that complied with *Foster*).

Accordingly Swanel's motion to file documents under seal (DE # 42) is **DENIED**. In order to have portions of its statement of facts and exhibits to its motion for summary judgment filed under seal, Swanel must submit a motion by February 20, 2011, stating the number and types of documents it wishes to seal, the types of facts it wishes to seal, and the reasons, consistent with *Baxter* and *Foster*, that justify sealing these documents and facts. Otherwise, Swanel is ordered to file an unsealed statement of facts and unsealed exhibits with the clerk of this court by February 20, 2011.

**SO ORDERED.**

Date: February 1, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT